WHITTIER TERRACE ASSOCIATES *vs.* ELISABETH HAMPSHIRE. No. 88-P-69. January 20, 1989. *Landlord and Tenant,* Eviction, Handicapped person.

This is a summary process action. The plaintiff, landlord of a 163-unit project financed by the Massachusetts Housing Finance Agency (St. 1966, c. 708, as amended) and subsidized by the United States Department of Housing and Urban Development, seeks to evict the defendant from her unit for owning, without the plaintiff's permission, in violation of project rules, a cat. The defendant, a low-income person with a psychiatric disability, claims to have an emotional and psychological dependence on the cat that qualifies her for protection under section 504 of the Federal Rehabilitation Act of 1973, 29 U.S.C. § 794 (Supp. IV 1986), which states in relevant part: "No otherwise qualified individual with handicaps . . . shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . ."

There is no question in this case that the defendant is handicapped; there was expert testimony by psychiatric rehabilitation specialists describing the relationship between the defendant's ability to function and the companionship of the cat, and the judge accepted that the plaintiff's "emotional attachment [to] and perhaps even psychological dependence [on the cat] is at this time undeniable." Under the Federal law (and regulations) a handicapped individual is qualified if, through reasonable adjustments to accommodate his handicap, he can meet the essential eligibility requirements for participation in the Federally assisted program or activity. Such accommodations are deemed reasonable (and are mandated) where they will not result in an undue financial or operational hardship on the program or agency. See *Southeastern Community College* v. *Davis,* 442 U.S. 397, 406-407, 412-413 (1979); *Alexander* v. *Choate,* 469 U.S. 287, 300-301 (1985); *School Bd. of Nassau County* v. *Arline,* 480 U.S. 273, 287 & n.17 (1987); *Majors* v. *Housing Authy. of DeKalb,* 652 F.2d 454, 457 (5th Cir. 1981). In effect the law calls for "balancing the overall costs and benefits . . . . If the overall costs are reasonable in light of the anticipated benefits, and the burdens imposed are not 'undue,' then it can be reasonably concluded that the handicapped have suffered discrimination solely by reason of their handicap and that relief should be granted under § 504. Cf. *Majors* v. *Housing Auth.* [at 457] ('the holding in [*Davis*] . . . must be considered in the context of whether *reasonable* accommodations will permit the handicapped . . . to realize the principal benefits of the program' [emphasis added])." *Rhode Island Handicapped Action Comm.* v. *Rhode Island Pub. Transit Authy.,* 549 F. Supp. 592, 607 (D.R.I. 1982).

In this case the landlord acknowledges, and the judge's findings reflect, that there were no reasons (noises, odors, etc.) for the eviction of the plaintiff beyond the simple fact of her possession of the cat in violation of the rule. No neighbors complained. Indeed, the cat's presence was only discovered when a maintenance person entered the apartment to make a

repair. Except for this violation, the defendant is an ideal tenant. This case presents the type of situation envisioned in *Davis*, "where an insistence on continuing past requirements and practices might arbitrarily deprive genuinely qualified handicapped persons of the opportunity to participate in a covered program." 442 U.S. at 412. The *Majors* case is on point: there, a showing of psychological dependence by a mentally ill patient on a dog was held to require an exception to a no-pets clause in a residential lease. 652 F.2d at 457-458. The same result must obtain here, where a narrow exception to the rigid application of the no-pet rule, involving no untoward collateral consequences, will enable a handicapped person to continue to function successfully on her own.

*Judgment reversed.*

*Judgment for the defendant.*

*Nancy E. Rae* for the defendant.
*John V. Leahy* (*Eugene L. Rubin* with him) for the plaintiff.
*William Crane,* for Coalition for the Legal Rights of the Disabled & others, amici curiae, submitted a brief.